IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARP MEDICAL SOLUTIONS, LLC, | |
| Plaintiff, | 8:17-CV-262 |
| vs. | MEMORANDUM AND ORDER |
| DENISE STOBBE; ROCK MEDICAL GROUP, LLC; and LOREN ROCK, | |
| Defendants. | |

This matter is before the Court on the plaintiff's motion for a temporary restraining order (filing 8). Based on the evidence filed in support of that motion, as well as the evidence adduced at a July 21, 2017 hearing on the plaintiff's motion at which the defendants did not appear (despite two of them having been served), the motion will be granted in part as set forth below.

Briefly summarized, the plaintiff, Sharp Medical Supplies, alleges that two of its former employees, Denise Stobbe and Loren Rock, breached the confidentiality, duty of loyalty, and non-solicitation provisions of their respective employment contracts. Those provisions provide in relevant part:

> *Confidential Information.* . . . Employee will never use or disclose Confidential Information during the useful life of the Confidential Information for any purpose other than furthering the business interests of Employer. Upon termination (voluntary or involuntary, for any or no reason) of employment with Employer, Employee shall immediately return to Employer all data, materials and other documents containing or related to any

Confidential Information. Employee will execute all other agreement(s) as requested by Employer concerning the use and disclosure of Confidential Information.

*Duty of Loyalty*. As long as employed by Employer, and in addition to any obligations imposed by law, Employee will not: (i) have any employment, ownership, contract or business relationship with any individual or entity which competes or intends to compete in any way with Employer; (ii) solicit for employment or hire on behalf of any individual or entity other than Employer any then current employee of Employer; or (iii) interfere with Employer's customer or vendor relationships.

*Post-Employment Competition.* For a period of one (1) year immediately following termination (voluntary or involuntary, for any or no reason) of employment with Employer, Employee will not seek or accept employment with, and will not call on or solicit the business of, or sell to, or service (directly or indirectly, on Employee's own behalf or in association with any other individual or entity), any of Employer's customers with whom Employee actually did business and had personal contact while employed by Employer, except to the extent such activities are unrelated to, and not competitive with, the business, products and/or services that Employee offered or provided on behalf of Employer and cannot adversely affect Employer's relationship or volume of business with such customers. . . .

Filing 12 at 7-8. The plaintiff alleges that the defendants have breached and will continue to breach these provisions by soliciting clients with whom they had contact during their contractual relationship with the plaintiff. Further, the plaintiff alleges that the defendants, prior to their termination, took confidential and trade secret documents belonging to Sharp, and provided them to defendant Rock Medical, LLC. Filing 12 at 10. According to the plaintiff, this proprietary information is "valuable" and "crucial" to its operation and competitiveness, and it will be irreparably harmed if the defendants are not restrained from using it. Filing 9 at 11.

In determining whether to grant a temporary restraining order, the Court must consider the factors set forth in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Those factors include: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* at 114. No single factor is dispositive, and the burden is on the movant to establish the propriety of the remedy. *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994).

The plaintiff argues that it faces irreparable harm because, absent a TRO, the defendants will continue to lure away Sharp's clients in violation of their respective employment agreements. Filing 9 at 10. This activity, it contends, will result in economic loss and general client goodwill. Filing 9 at 10. To this end, the plaintiff alleges that the defendants took confidential information from the plaintiff, in violation of their employment agreements and other legal obligations, and provided it to a direct competitor (defendant Rock Medical). Filing 12 at 11. That competitor allegedly used that

information in a work-related proposal that it sent to one of the plaintiff's current clients. Filing 12 at 11-12.

The Court finds that the plaintiff's allegations are supported by the evidence adduced: specifically, that defendants Stobbe and Rock were subject to the non-compete provisions set forth above, that they wrongfully took confidential information from the plaintiff, and that they have employed that information in an effort to establish a competing business. Those findings are preliminary, based on evidence adduced *ex parte*, and much could change throughout these proceedings. But on the present record, based on those preliminary findings, the plaintiff has demonstrated a reasonable likelihood of success on the merits of its complaint, and that immediate and irreparable injury, loss, or damages will result in the absence of a TRO.

The plaintiff has also satisfied its burden with respect to the balance of hardships and public interest factors set forth in *Dataphase*. As the plaintiff asserts, the defendants would not face substantial harm from an order that restrains them from violating their existing employment contracts. Filing 9 at 11. Further, the plaintiff contends that the issuance of a TRO is in the public interest because the law favors the integrity of contractual agreements and the protection of businesses from *unfair* competition. Filing 9 at 12. The Court concludes that harm to the defendants, if any at this point, would not outweigh the hardships to the plaintiff, and that maintaining the status quo serves the public interest in this case.

After weighing the evidence, and applying the factors as set forth above, the Court concludes that a TRO is necessary to preserve the status quo. This decision is based on the plaintiff's allegations and evidence with respect to current injury and threat of irreparable harm, and its reasonable efforts to notify the defendants in this matter. Accordingly, the Court will

enjoin the defendants from actions in violation of their employment agreements and from using the plaintiff's proprietary information.

However, the Court will not at this point order Stobbe to provide her personal cellular telephone and computer to a forensic examiner. The evidence presented does not warrant such a step, and the request extends beyond the preservation of the status quo that is the function of a temporary restraining order. The Court will, instead, direct Stobbe to preserve any information on those devices pending resolution of the plaintiff's pending discovery requests by the Magistrate Judge, to whom the plaintiff may direct any specific requests for a production order.

IT IS ORDERED:

1. The plaintiff's Motion for a Temporary Restraining Order ([filing 8](filing 8)) is granted in part as follows.

2. From this date forward, the defendants shall not, directly or indirectly, solicit the business of, or sell to, any Sharp Medical Solution customer with whom defendants Stobbe and Rock did business or had personal contact during the term of their employment with the plaintiff, including but not limited to, Conexus, RightSource, Medefis, Grapetree, or Aya Healthcare, in any capacity for any Sharp competitor, including but not limited to defendant Rock Medical.

3. From this date forward, the defendants shall not use or disclose confidential information, trade secrets, or other

       proprietary information that defendants Stobbe and Rock obtained as a result of their employment with the plaintiff. This may include, but is not limited to, any information that the defendants obtained or provided to others through use of the plaintiff's internal or online database(s). This shall specifically include soliciting or recruiting any traveler or prospect listed on such documents.

4. From this date forward, the defendants shall not destroy or dispose of any electronically stored information, documents, photographs or other information or documents in any form that originated from the plaintiff. This shall include, but is not limited to, information stored on Stobbe's personal cellular telephone and personal computer.

5. This order is effective immediately and shall remain in full force for a period up to and including August 4, 2017, unless extended pursuant to Fed. R. Civ. P. 65(b)(2).

6. This order shall bind any of the following who receive actual notice of it: the parties; their officers, agents, servants, employees, and attorneys; and any other persons who are in active concert or participation with them.

7. A hearing on preliminary injunction, pursuant to Fed. R. Civ. P. 65(b)(3), is set before the undersigned for August 4, 2017, at 9:00 a.m. in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE.

- 7 -

At that hearing, the Court will consider whether the terms of this order shall be extended, modified, or dissolved.

Dated this 21st day of July, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge